UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GLADIS M. REYES,<br><br>    Defendant. | Case No. 6:23-po-00108-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND DEADLINES FOR PRETRIAL MOTIONS<br><br>(Doc. No. 9)<br><br>ORDER SETTING TRIAL DATE: SEPTEMBER 5, 2023 AT 10:00 A.M. |

   Pending before the Court is the Defendant's motion to extend the deadline for pretrial motions. (Doc. No. 9). Defendant requests the Court extend the June 27, 2023 Rule 12(b)(3) pretrial motion deadline and only set a specific deadline if parties are unable to reach a plea agreement and this case proceeds to trial. (*Id*. at 3:1-4). Defendant requests the extension of the pretrial motion deadline because "parties have not begun negotiations to attempt to reach a settlement agreement," "[t]here were several hours of video and numerous documents provided in discovery," and an interpreter is needed to talk to the Defendant and witnesses which is delaying case preparation. (*Id*. at 2:1-8). The Government does not oppose Defendant's motion. (*Id*. at 2:23-25). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

   Defendant was issued a violation notice charging her with violating 36 C.F.R. § 2.34(a)(1) for disorderly conduct by engaging gin fighting, threatening, or violent behavior, a Class B misdemeanor.

(Doc. No. 1). On April 18, 2023, Defendant appeared for her initial appearance/arraignment. (Doc. No. 6). The Court ordered discovery and set the case for a first status conference for June 13, 2023. (*Id.*). At the June 13, 2023 status conference, after no opposition by the government, the Court granted Defendant's request to set this case for a second status conference "to review discovery," but set a June 27, 2023 pretrial motion deadline. (Doc. No. 8).

Neither party voiced any objections to the June 27, 2023 pretrial motion deadline. (*Id.*).

Each magistrate judge maintains its own individual motion calendar. Local Rule 430.1(a). "The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions . . . ." Fed. R. Crim. P. 12(c). Courts have broad discretion when granting or denying motions to continue. *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (citing *Ungar v. Sarafite*, 376 US 575, 589 (1964); *see also United States v. Lujan*, 211 Fed. Appx 645 (9th Cir. 2006) (unpublished opinion)). Petty offenses, which include Class B misdemeanors, are not subject to the constraints of the Speedy Trial Act set forth at 18 U.S.C. § 3161(d)(2). *United States v. Nickerson*, 731 F.3d 1009, 1014 (9th Cir. 2013) (collecting cases). Nonetheless, there is nothing prohibiting this Court from using the Speedy Trial Act as a guide to ensure the just and prompt disposition of this case. Fed. R. Crim. P. 50. The rules of criminal procedure recognize "[t]here is also a larger public interest in the prompt disposition of criminal cases which may transcend the interest of the particular prosecutor, defense counsel, and defendant. Thus, there is a need to try to expedite criminal cases even when both prosecution and defense may be willing to agree to a continuance or continuances." Fed. R. Crim. P. 50 advisory committee's note to 1972 amendment. In considering whether to grant a continuance the Court considers: (1) when the request was filed; (2) the reasons for the request; (3) the length of the request; (4) the number of continuances; and (5) the general balance of convenience to the court and the parties. *Id*.

This matter is set for a second status conference on August 15, 2023. Almost 120 days will have elapsed from Defendant's initial appearance/arraignment to the second status conference. The Court is not inclined to wait until after the second status conference to set a Rule 12(b)(3) pretrial motions schedule. To ensure the prompt disposition of this action pursuant to Rules 48 and 50, the Court sets this matter for a bench trial before the undersigned for Tuesday, September 5, 2023, at

10:00 A.M. in Yosemite.  The Rule 12(b)(3) pretrial motions deadline is extended to the extent that any pretrial motions shall be due no later than 21 days prior to the trial date.  Should the parties resolve this matter before the trial date, they shall PROMPTY move to vacate the trial date.

      Accordingly, it is ORDERED:

      Defendant's motion to extend the deadlines for pretrial motions (Doc. No. 9) is GRANTED in part and denied in part.  The Court schedules this case for a bench trial for **Tuesday, September 5, 2023, at 10:00 A.M.**  Any Rule 12(b)(3) pretrial motions shall be filed **no later than 21 days prior to the trial date.**  Local Rule 430.1(f) shall govern the deadlines for the opposition and reply.

Dated:    July 5, 2023

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE

3